REQUESTED BY: Charles A. Kandt, Lincoln County Attorney
Must the court appoint a person not a party to the action to serve process on a case by case basis?
Yes.
Section 25-506.01(1) R.R.S. 1983 provides:
 (1) Unless the plaintiff has elected service by certified mail, the summons shall be served by the sheriff of the county where service is made, by a person otherwise authorized by law, or by a person not a party to the action specially appointed by the court for that purpose.
You have asked this office's opinion on a question relating to Section 25-506.01(1) R.R.S. 1983 which you posed as follows: `Must the person who is to serve the summons be specially appointed by the court on a case by case basis, or would it be sufficient for the court to specially appoint an individual for that purpose generally within the jurisdiction of that court?' You also asked whether the Legislature intended `by Section 25-506.01(1) to allow private enterprise to assume the civil process function of the Sheriff's office' or whether that section was `designed for the unusual case where the local sheriff will not or cannot serve the summons'.
We have reviewed the test of Section 25-506.01(1), its legislative history, Rule 4(c) of the Federal Rules of Civil Procedure as its stood before its recent amendment as well as the Rules of Civil Procedure in Minnesota, where private process servers are routinely used by attorneys. Based on our research and review of the above, it is our opinion that section 25.506.01(1) R.R.S. 1983 requires the court to consider the appointment of an individual, other than the sheriff, his deputy, or other persons authorized by law, to serve process on a case by case basis on motion of the party seeking the appointment of such person. The decision to appoint such an individual is a discretionary decision by the court to which the motion is addressed.
The legislative history of LB 447, of which Section25-506.01(1) was a part, does not indicate that the Legislature considered the issue of whether private enterprise should be allowed to assume the civil process function of the Sheriff's Office. Instead, it indicates that much of LB 447 was modeled after the Federal Rules of Civil Procedure. Before its recent amendment, the language of Rule 4(c)(1) of the Federal Rules of Civil Procedure was strikingly similar to that of Section 25-506.01(1). It provided:
 Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result.
From our review of Wright and Miller, 4 Federal Practiceand Procedure §§ 1089, 1091 (1969) and the cases cited therein, it appears that federal courts have interpreted Rule 4(c)(1) to require the appointment of a person, other than the marshal or his deputy, to serve process on a case by case basis. Furthermore, appointment for this purpose are made pursuant to motion and are left to the court's sound discretion.
Rule 4.02 of the Minnesota Rules of Civil Procedure provides:
 The sheriff of the county in which the defendant is found may made service of summons and other process, and fees and mileage shall be allowed therefor. Any person not a party to the action may made service of a summons.
Private process servers have flourished in Minnesota since it is not necessary to be appointed `specially' by the court for that purpose.
In view of the language similarity between Section25-506.01(1) R.R.S. 1983 and Rule 4(c)(1) of the Federal Rules of Civil Procedure, before its recent amendment, and the absence of specific legislative intent indicating that that section was intended to allow private enterprise to assume the civil process function of the Sheriff's office, we conclude that appointments to serve process should be made on a case by case basis.
Very truly yours, PAUL L. DOUGLAS Attorney General Michaela M. White Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General